Marlene R. FINANDER; et al.,
Plaintiffs—Appellants,

v.

LOS ANGELES UNIFIED SCHOOL DISTRICT, a local public governmental entity; et al., Defendants—Appellees.

No. 07–55586.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed April 3, 2009.

Marlene R. Finander, Long Beach, CA, for Plaintiffs–Appellants.

Mark D. Kemple, Esq., Jones Day, Irvine, CA, Jesus E. Quinonez, Esq., Bush Quinonez Gottlieb Singer Lopez Kohanski Adelstein & Dickinson, Burbank, CA, Maria Louise Cousineau, Esq., Sedgwick, Detert, Moran & Arnold LLP, Los Angeles, CA, for Defendants–Appellees.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Following final judgment, Marlene and Brian Finander appeal pro se from separate orders dismissing claims against Unit-ed Teachers of Los Angeles ("UTLA") for lack of jurisdiction; denying a preliminary injunction against Los Angeles Unified School District ("LAUSD"); and imposing discovery sanctions. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The district court properly determined that all claims against UTLA but the California Fair Employment and Housing Act claim were unreviewable because the claims fell within the exclusive initial jurisdiction of the California Public Employment Relations Board ("PERB"), and the Finanders failed to show a factual or legal basis for an exception to the jurisdictional rule. *See Anderson v. Cal. Faculty Ass'n,* 25 Cal.App.4th 207, 31 Cal.Rptr.2d 406, 409 (1994) (stating that claims based on failure or refusal of a union to pursue grievances on employee's behalf fall within PERB's jurisdiction); *Ass'n of Am. Med. Colls. v. United States,* 217 F.3d 770, 778 (9th Cir.2000) (reviewing de novo dismissal for lack of jurisdiction).

The district court did not abuse its discretion by imposing discovery sanctions given that the Finanders flouted basic discovery obligations, violated court orders, deprived defendants of a meaningful opportunity to prepare for trial, and ignored multiple warnings regarding sanctions. *See Fair Hous. v. Combs,* 285 F.3d 899, 905–06 (9th Cir.2002) (reviewing the imposition of discovery sanctions for an abuse of discretion and affirming sanctions where party willfully and continually failed to comply with discovery obligations).

Because we affirm the district court's sanction order resulting in final judgment in favor of the LAUSD, it is unnecessary

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to address the Finanders' arguments regarding the district court's denial of their motion for a preliminary injunction against the LAUSD. *See Mount Graham Red Squirrel v. Madigan,* 954 F.2d 1441, 1450 (9th Cir.1992) (following final judgment, the ruling on a preliminary injunction becomes moot for purposes of appeal).

**AFFIRMED.**